IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

STATE ETHICS COMMISSION,

        Plaintiff,

v.                                                                             No. 24-cv-652-WJ-LF

TNMP, INC., d/b/a "The New Mexico Project,"
and JEFF APODACA,

        Defendants.

## MEMORANDUM OPINION AND ORDER TO REMAND

**THIS MATTER** comes before the Court upon Plaintiff's Motion for Remand and Attorneys' Fees (**Doc. 7**), Defendants' Response (**Doc. 12**), and Plaintiff's Reply (**Doc. 13**). The Court held a hearing on the filings on July 19, 2024. Upon review of the parties' briefings, arguments of counsel, and the applicable law, the Court concludes it lacks jurisdiction—meaning the case must be remanded to state court.

### BACKGROUND

On May 24, 2024, Plaintiff filed suit against Defendants in the Second Judicial District Court, Bernalillo County, State of New Mexico (**Doc. 1-2**). Defendants then removed the action to federal court (**Doc. 1**) on June 26, 2024.

Plaintiff is an independent state agency[1] (**Doc. 1-2 at 2**). Defendant TNMP is a domestic nonprofit corporation and Defendant Apodaca is TNMP's president. *Id.* **at ¶¶ 9–15**. The three causes of action are all rooted in New Mexico's Campaign Reporting Act ("CRA"). *See* 2021 N.M. Laws 109 (codified as amended at NMSA 1978 §§ 1-19-25–27, -27.3–29.1, -31–32.1, -34–37). *See* **Doc.**

---

[1] Under its promulgating statute, the Commission is vested with limited jurisdiction—and is, in fact, only able to enforce compliance over nine discreet state laws claims. *See* NMSA 1978 § 10-16G-9(A)(1)–(9) (2020); **Doc. 13 at 2**.

**13 at 1–2**. Specifically, the Complaint (**Doc. 1-2**) alleges Defendants "violated the CRA by failing to register as a political committee with New Mexico's Secretary of State and by failing to file required reports of its contributions and expenditures, either as a political committee or, alternatively, as an independent-expenditure maker." **Doc. 7 at 1;** *see also* **Doc. 1-2**.

Defendants contend that federal question jurisdiction exists because the claims implicate "[Defendants'] exercise of rights protected by the U.S. Constitution." **Doc. 1 at 2**. Defendants also claim the removal was proper under § 1441(a) because the claims "arise[] under federal law, present[] a federal question, and [are] controlled by federal law." ***Ibid.*** According to Defendants, "original jurisdiction" exists under § 1331. *Id.* **at ¶ 6**.

## DISCUSSION

**I. Federal Question and Original Jurisdiction**

Defendants are incorrect. This is a state law case—with exclusively state law causes of action—that belongs in state court.

Federal jurisdiction is to be strictly construed. *Shamrock Oil & Gas v. Sheets*, 313 U.S. 100, 108–09 (1941). In fact, there is a presumption[2] against removal jurisdiction. *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995); *Bd. of Cnty. Comm'rs of Boulder Cnty. v. Suncor Energy (U.S.A.) Inc.*, 25 F.4th 1238, 1250 (10th Cir. 2022). The party invoking federal jurisdiction (here, Defendants) bear the "burden to establish that it is proper." *Salzer v. SSM Health Care of Okla., Inc.*, 762 F.3d 1130, 1134 (10th Cir. 2014). Defendants failed to carry their burden of establishing federal jurisdiction because there is no federal jurisdiction in the instant case.

---

[2] On this point, Plaintiff cited to a prior ruling from this Court (which is equally applicable here). *See* **Doc. 7 at 4** ("Federal courts are courts of limited jurisdiction; there is a presumption against removal jurisdiction, which the defendant seeking removal must overcome." *New Mexico ex rel. Balderas v. Monsanto Co.*, 454 F. Supp. 3d 1132, 1138 (D.N.M. 2020) (Johnson, C.J.)).

Naturally, the Court turns to the jurisdictional test outlined by the Tenth Circuit. *See Nicodemus v. Union Pac. Corp.*, 318 F.3d 1231, 1235–36 (10th Cir. 2003), *opinion reinstated in part*, 440 F.3d 1227 (10th Cir. 2006). Two preconditions must exist:

> First, a question of federal law must appear on the face of plaintiff's well-pleaded complaint. Second, plaintiff's cause of action must either be (1) created by federal law, or (2) if it is a state-created cause of action, its resolution must necessarily turn on a substantial question of federal law.

*Id.* (internal quotations and citations omitted); *see also McCollum v. McCollum*, 2022 U.S. App. LEXIS 10470, at *5 (10th Cir. Apr. 19, 2022) (unpublished) (listing the same two factors). Either way, the Court must determine if "Congress evidenced an intent to provide a federal forum" for resolution of the case. *See Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir. 1994).

First, Defendant fails to meet the first condition—because no question of federal law appears on the face[3] of the complaint. *See* **Doc. 1–2 at 7–11** (alleging three New Mexico CRA causes of action). Second,[4] turning to New Mexico's CRA, the Court finds no suggestion that Congress intended to confer federal question jurisdiction over state-level campaign finance disputes arising under state law.

Defendants' Response claims that 42 U.S.C. § 1983 itself evidences Congress's intent to provide federal forum for "actions like the ones here undertaken by state governments that violate rights." **Doc. 12 at 3–4**. On this point, the Court agrees. But this argument is not germane to the

---

[3] As the Honorable J. Harvie Wilkinson, United States Circuit Judge, stated in *Capitol Broad. Co., Inc. v. City of Raleigh, N.C.*, 104 F.4th 536 (4th Cir. 2024):
> The federal nature of the controversy must be determined from what necessarily appears in the plaintiff's statement of his own claim unassisted by the anticipation of defenses which it is thought the defendant may interpose. In short: look to the essential elements of the plaintiff's—and only the plaintiff's—claim. If there is not a federal ingredient therein, the district court generally lacks federal question jurisdiction. This rule, which is the first step to ascertaining federal question jurisdiction, is known as the well-pleaded complaint rule.

*Id.* at 2024 U.S. App. LEXIS 14637, at *7–8 (cleaned up).

[4] The Court's analysis could end at step one. "Because Plaintiff cannot meet the well-pleaded complaint rule," the Court need not address the second "necessary condition for federal-question jurisdiction." *Von Loh v. Synthes, Inc.*, 106 F. App'x 665, 667 (10th Cir. 2004) (unpublished) (Hartz, J.). But even so, the Court analyzes the second step under *Nicodemus*—ultimately finding Defendants fail to establish both jurisdictional prerequisites.

Complaint at hand. Whether or not Defendants could file a standalone lawsuit alleging civil rights violations has no bearing on whether this instant case (involving entirely state law claims) was properly removed to federal court based on federal defenses, counterclaims, and third-party claims.[5] *See Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) ("[A] suit 'arises under' federal law 'only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law].'" (quoting *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908) (brackets in original)). For this reason, Defendants' citations to *Wyo. Gun Owners v. Gray*, 83 F.4th 1224 (10th Cir. 2023) is unavailing. In that case, the organization "sued the Secretary of State (and related parties) in federal district court, arguing that various provisions of the Wyoming statute were void for vagueness and that the disclosure scheme was not constitutionally justified." *Id.* at 1229.[6]

Next, the Court turns to the *Grable/Gunn* test.[7] Causes of action under state law may "arise under" federal law (for purposes of § 1331 jurisdiction) even when the complaint does not explicitly plead a federal cause of action. Under this test, "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of

---

[5] At the hearing, Defendants argued that a third-party complaint under Fed. R. Civ. P. 14 can establish federal jurisdiction, or, at the very least, such a proposition is unsettled law in the Tenth Circuit. This argument is without merit.
 The Third, Fifth, and Ninth Circuits have expressly disclaimed the ability of a "third-party complaint" to confer jurisdiction in opinions. *See, e.g., United States v. Vista Paint Corp.*, 1992 U.S. App. LEXIS 24747 (9th Cir. Sept. 24, 1992) (unpublished); *Poche v. Tex. Air Corps*, 549 F.3d 999, 1003–04 (5th Cir. 2008); *Kislak Co. v. Prominent Props. LLC*, 2024 U.S. App. LEXIS 16258 (3d Cir. July 3, 2024) (unpublished). According to defense counsel, the absence of a Tenth Circuit opinion using the exact phrase "third-party complaint" means the issue is unsettled. The Court disagrees. The cases cited below regarding Rule 14(a) make clear that a third-party complaint cannot establish subject matter jurisdiction under § 1331 after removal under § 1441.
 On this point, the Tenth Circuit has ruled—repeatedly—that Rule 14(a) does not establish subject matter jurisdiction. *See, e.g., U.S. Fid. & Guar. Co v. Perkins*, 388 F.2d 771, 773 (10th Cir. 1968) (explaining that Rule 14 is "not a catchall for independent litigation"); *Goodrich v. Burlington N. R.R. Co.*, 701 F.2d 129, 130 (10th Cir. 1983) ("[W]here jurisdiction does not otherwise appear, mere permission, in the rules to assert a claim, does not itself confer jurisdiction over that claim."); *King Fisher Marine Serv. v. 21st Phoenix Corp.*, 893 F.2d 1155, 1158 (10th Cir. 1990) (explaining Rule 14(a) does not establish jurisdiction unless the court has jurisdiction over the original claim).
[6] The Complaint in that case (**Doc. 1, D. Wyo. #21-cv-108**) makes abundantly clear that the nonprofit corporation sued Wyoming officials under § 1983. As Plaintiff, the Wyoming Gun Owners also brought: (1) a facial challenge, (2) an as-applied challenge, and (3) a vagueness challenge to the Wyoming statute. What they did not do, however, is remove a Wyoming state court lawsuit to federal court by asserting a federal question in their defense or counterclaim.
[7] The United States Supreme Court first announced this test in *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005). The Court subsequently clarified how lower courts should apply this test in *Gunn v. Minton*, 568 U.S. 251 (2013).

resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn*, 568 U.S. at 258. If all four of these requirements are met, "jurisdiction is proper." *Id.* Only a "slim category" of cases satisfies this test. *See New Mexico ex rel. Balderas v. Gilead Scis., Inc.*, 548 F. Supp. 3d 1098, 1102 (D.N.M. 2021) (quoting *Empire HealthChoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 701 (2006)).

Applied here, Defendants' broad assertion of federal constitutional issues is insufficient. This "mere assertion of a federal interest" is not enough to confer federal jurisdiction. *See Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 813 (1986). It is apparent from the face of the Complaint that Plaintiff can establish the facts necessary for holding Defendants liable for breaches of state law without forcing a court to interpret (or even apply) federal statutes, regulations, or the Constitution. Again, Defendants' reliance on *Wyo. Gun Owners* is misplaced. *See supra* n.3. Thus, Defendants' attempt to establish subject matter jurisdiction fails the first prong. Nevertheless, the Court addresses the remainder of the four-step test.

On the second prong, the Court assumes without deciding that some portion of the underlying federal issues presented in this case are disputed.[8]

On the third prong, the Court finds the federal issues presented are not "substantial." *See* **Doc. 7 at 8–10**; *see also Grable*, 545 U.S. at 313 (explaining a "substantial" issue is one that "indicat[es] a serious federal interest in claiming the advantages thought to be inherent in a federal forum"). Additionally, the Court also notes that federal question jurisdiction cannot be predicated upon a

---

[8] This assumption provides Defendants with the benefit of the doubt. But the legal standard is not at issue—as "exacting scrutiny" is the law of the land for such challenges. *See, e.g., Ams. For Prosperity Found. v. Bonta*, 594 U.S. 595, 603 (2021); *Frank v. Lee*, 84 F.4th 1119, 1140 (10th Cir. 2023); *Cowboys for Trump v. Oliver*, 2022 U.S. App. LEXIS 4149, at *13 (10th Cir. Feb. 15, 2022) (unpublished).
  Additionally, whether New Mexico's CRA disclosure provisions can survive exacting scrutiny is not unsettled. *See Rio Grande Found. v. Oliver*, No. 19-cv-1174, 2024 U.S. Dist. LEXIS 59829 (D.N.M. Mar. 29, 2024). Again, this factor is not dispositive (but it could have easily been weighed against Defendants).

defense.[9] *See Atl. Richfield Co. v. Christian*, 140 S. Ct. 1335, 1350 n.4 (2020); *see also Firstenberg v. City of Santa Fe*, 696 F.3d 1018, 1027 (10th Cir. 2012) (Holmes, J.) (noting that "federal-question jurisdiction turns upon thrusts, not parries," and explaining that defenses do not confer jurisdiction).

Finally, Defendants' claim of jurisdiction falters at the fourth prong as well (*i.e.*, whether a federal court could resolve the federal question without disrupting the federal-state balance approved by Congress). This analysis, when applied, allows for a federal court to exercise "a possible veto" on its exercise of "arising under" jurisdiction. *Grable*, 545 U.S. at 313. The Court finds that an exercise of federal jurisdiction here would disturb the congressionally approved balance of federal and state judicial responsibilities. The campaign finance related challenges arise under state law—not federal law. The Founders delegated substantial authority over Federal elections to the States, and a State's authority over its elections is particularly potent—especially with regard to campaign finance laws to ensure the integrity of elections. *See Williams-Yulee v. Fla. Bar*, 575 U.S. 433, 446 (2015); *U.S. Term Limits Inc. v. Thornton*, 514 U.S. 779, 834 (1995); THE FEDERALIST NO. 59 (Alexander Hamilton) (discussing division of power between the state legislatures and Congress to make federal election rules). Defendants' reliance on § 1983 as a congressionally legislated cause of action is, again, misplaced. The fact that TNMP could file a lawsuit (as Plaintiff) against the State (or other officials) has nothing to do with whether this Court has original jurisdiction over the removed Complaint here.

The New Mexico state court in which this suit was lodged is competent to apply any defense grounded in federal law (to the extent it is relevant). Plus, the state court is best positioned to

---

[9] Ordinarily, defenses do not provide a jurisdictional basis of removal. The Court is cognizant, however, of three circumstances where a defense of federal preemption constitutes a legitimate reason for removal—but this is extraordinarily rare (and does not apply here). In fact, the Supreme Court has recognized only three completely preemptive statutes: the Employee Retirement Income Security Act ("ERISA"), the Labor Management Relations Act ("LMRA"), and the National Bank Act. *See, e.g., Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557 (1968) (noting preemption under the LMRA); *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987) (discussing preemption under ERISA); *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1 (2003) (finding the same preemption under the National Bank Act).

determine whether Defendants are liable under its state law. *See Empire HealthChoice Assurance, Inc.*, 547 U.S. at 701.

At bottom, the Court agrees with Plaintiff, "Defendants improperly removed the case to federal court." **Doc. 7 at 4**. Accordingly, this case must be remanded.

## II. Attorneys' Fees and Costs

Plaintiff asks the Court to award fees and costs incurred as a result of Defendants improper removal (**Doc. 7 at 1, 12–14; Doc. 13 at 10–11**). This request is specifically permitted by statute. Section 1447(c) authorizes this Court to "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Ultimately, the decision to award, or not award, fees and costs is reviewed for an abuse of discretion. *Porter Tr. v. Rural Water Sewer & Solid Waste Mgmt. Dist. No. 1*, 607 F.3d 1251, 1253 (10th Cir. 2010).

Here, Defendants had no "objectively reasonable basis for removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 136 (2005). Because the standard for awarding fees turns on the reasonableness of removal—and because the removal here was patently unreasonable—Plaintiff is awarded fees, as requested (**Doc. 7 at 3**). Thus, "thanks to § 1447(c)," this Court may order Defendants to pay Plaintiff's "costs and expenses (including attorney's fees)" for the frivolous removal of the case from state court. *BP P.L.C. v. Mayor & City Council of Balt.*, 593 U.S. 230, 246 (2021).

## CONCLUSION

The Court concludes that it lacks subject-matter jurisdiction over this case. 28 U.S.C. §§ 1331 & 1441. Accordingly, Plaintiff's Motion to Remand (**Doc. 7 at 1–12**) is **GRANTED**. Plaintiff's accompanying request for an award of attorneys' fees and costs (**Doc. 7 at 1, 12–14**) pursuant to 28 U.S.C. § 1447(c) is also **GRANTED**.

**IT IS THEREFORE ORDERED** that on or before the close of business on August 2, 2024, Plaintiff shall submit an affidavit or application for reasonable attorneys' fees and costs. Defendants shall have fourteen (14) days to file any objections.

**IT IS FURTHER ORDERED** that this case is hereby **REMANDED** to the Second Judicial District Court, Bernalillo County, State of New Mexico. The Clerk of Court is directed to take the necessary actions to effectuate the remand.

/s/
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE