IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STATE ETHICS COMMISSION,

      Plaintiff,

v.                                                  No. 24-cv-652-WJ-LF

TNMP, INC., d/b/a "The New Mexico Project,"
and JEFF APODACA,

      Defendants / Counterclaim Plaintiffs,

  and

JEFF APODACA,

      Third-Party Plaintiff,

v.

JEREMY FARRIS; WILLIAM F. LANG;
JEFFREY L. BAKER; STUART M. BLUESTONE;
CELIA CASTILLO; TERRY MCMILLAN;
RONALD SOLIMON; and JUDY VILLANUEVA,

      Third-Party Defendants,

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION FOR RECONSIDERATION

**THIS MATTER** is before the Court upon Defendants' Motion for Reconsideration (**Doc. 23**).[1] For the reasons explained below, the request is **DENIED**.

### BACKGROUND

The Court need not recite the case's full history. It is sufficient to state that Plaintiff filed suit against Defendants in state court (**Doc. 1-2**) for violating New Mexico's Campaign Reporting Act

---

[1] The Motion itself is stylized as "Response and Objections to Plaintiff's Application for Attorneys' Fees and Motion for Reconsideration." But it's not until page seven—of nine—that Defendants specifically object to any calculations. Accordingly, the Court resolves only the reconsideration aspect of Defendants' Motion in this Memorandum Opinion and Order ("MOO"). The award of fees will be handled in a separate opinion.

("CRA"). Defendants then removed the action to federal court (**Doc. 1**). In so doing, Defendants argued that federal question jurisdiction exists because: (1) the CRA claims brought by Plaintiff implicated Defendants' exercise of constitutional rights (**Doc. 1 at ¶ 6**); (2) "the defenses, counterclaims and third-party claims" raise federal questions (**Doc. 12 at 2**); and/or (3) the Complaint "facially invokes substantial questions of law" (*id.* **at 2**).

After conducting a hearing, the Court filed its Memorandum Opinion and Order, *see* **Doc. 17**, wherein the case was remanded back to state court for lack of jurisdiction. The Court also awarded attorney fees and costs under § 1447(c). *Id.* **at 7**.

Defendants now request reconsideration of the Court's ruling regarding attorneys' fees. *See* **Doc. 23 at 1 & 7 n.3** (requesting reconsideration "pursuant to F.R.C.P. 60" for "the award of fees").

## LEGAL STANDARD

Although the Federal Rules of Civil Procedure do not expressly recognize "motions for reconsideration," the Tenth Circuit provides that such motions may be considered under either Rule 59(e) or Rule 60(b)—depending on the reasons expressed by the movant. *Commonwealth Prop. Advocs., LLC v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1200 (10th Cir. 2011). Motions for reconsideration are appropriate when a litigant argues the Court has misapprehended the facts, a party's position, or the controlling law. *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). When, as here, the motion is timely[2] filed under both Rule 59(e) and 60(b), the Court should evaluate the motion "based on the reasons expressed by the movant." *Jennings v. Rivers*, 394 F.3d 850, 855 (10th Cir. 2005).

A Rule 59(e) motion is the appropriate vehicle to correct "manifest errors of law or to present newly discovered evidence." *Commonwealth Prop. Advocs., LLC*, 680 F.3d at 1200 (quoting *Comm.*

---

[2] The time to file under Rule 59(e) is twenty-eight days, Fed. R. Civ. P. 59(e), while Rule 60(b) just requires the motion be "made within a reasonable time" not to exceed one year. Fed. R. Civ. P. 60(c)(1).

2

*for the First Amend. v. Campbell*, 962 F.2d 1517, 1523 (10th Cir. 1992)). By contrast, a Rule 60(b), motion is appropriate when there was a "mistake, inadvertence, surprise, or excusable neglect" or "newly discovered evidence" exists. Fed. R. Civ. P. 60(b)(1) & (2).

Irrespective of what label is affixed to the motion, the decision to grant or deny reconsideration is left to the sound discretion of the trial court. *See Barber ex rel. Barber v. Colo. Dep't of Revenue*, 562 F.3d 1222, 1228 (10th Cir. 2009); *Taylor v. Colo. Dep't of Health Care Pol'y & Fin.*, 811 F.3d 1230, 1236 (10th Cir. 2016) (noting that motions for reconsideration are reviewed for an abuse of discretion). Denial is typically appropriate if the motion simply relitigates the same issues, presents the same theories, or introduces previously available evidence. *See Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (explaining motions for reconsideration "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised."); *Pueblo of Jemez v. United States*, 63 F.4th 881, 897 (10th Cir. 2023) (same); *cf. Fish v. Schwab*, 957 F.3d 1105, 1141 (10th Cir. 2020) (Holmes, J.) ("Where the earlier ruling . . . was established in a definitive, fully considered legal decision based on a fully developed factual record and a decisionmaking process . . . why should we not follow the usual law-of-the-case jurisprudence?" (cleaned up)).

Here, counsel specifically asks the Court to reconsider based on Rule 60 (**Doc. 23 at 1 & 5–6**). Even so, the Court analyzes the Motion by looking at the reasons permitted under both Rules. But no matter the standard, Defendants' motion for reconsideration is baseless—and must be denied.

## DISCUSSION

Defendants' Motion for Reconsideration argues there was "a colorable and objectively reasonable basis" for removal (**Doc. 23 at 3**). As detailed above, the Court is well within its discretion to deny the motion because it merely relitigates the same issues. That being said, the Court takes the bait—and, once again, explains to defense counsel: (1) why there is no jurisdiction, (2) why it was abundantly obvious there was no basis for removal, and (3) why attorneys' fees were awarded.

**I. Federal Question Jurisdiction**

Every lawyer learns, or should learn, in law school that federal courts are of limited jurisdiction. *See, e.g., Shamrock Oil & Gas v. Sheets*, 313 U.S. 100, 108–09 (1941); *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435, 437 (2019); *Dutcher v. Matheson*, 733 F.3d 980, 984 (10th Cir. 2013). Likewise, it is understood, or should be understood, that removal jurisdiction is narrowly construed. *See Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691, 697 (2003); *Home Depot U.S.A., Inc.*, 587 U.S. at 443 (noting the limits "Congress has imposed on removal"); *see also Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995), *abrogated on other grounds Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81 (2014). In fact, the Supreme Court has "long held that a district court, when determining whether it has original jurisdiction over a civil action, should evaluate whether the action **could have been brought originally in federal court.**" *Home Depot U.S.A., Inc.*, 587 U.S. at 441 (citations[3] omitted) (emphasis added).

Additionally, all lawyers who practice in federal court should know that federal question jurisdiction is governed by the "well-pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Firstenberg v. City of Santa Fe*, 696 F.3d 1018, 1027 (10th Cir. 2012) (Holmes, J.). Under this rule, as the name implies, the basis for federal jurisdiction must appear on the face of the Plaintiff's complaint. *See Bell v. Hood*, 327 U.S. 678, 681 (1946) (Black, J.) ("[T]he District Court must look to the way the complaint is drawn to see if it is drawn so as to claim a right to recover under the Constitution and laws of the United States."); *Sac & Fox Nation of Okla. v. Cuomo*, 193 F.3d 1162, 1165 (10th Cir. 1999).

---

[3] The cases cited were: *Mexican Nat'l R.R. Co. v. Davidson*, 157 U. S. 201, 208 (1895); *Tennessee v. Union & Planters' Bank*, 152 U. S. 454, 461 (1894); *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U. S. 1, 10 (1983); *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002).

Thus, the first thing in defense counsel's mind, prior to removing this case, should have been to ask the following simple question: "Could this state case have been brought in federal court?"[4]

The Court once again answers this question in the negative. *See also* **Doc. 17** (prior Memorandum Opinion and Order). Let's (briefly) unpack why.

### A. Tenth Circuit case law

A question of federal law did ***not*** appear on the face of Plaintiff's complaint. *See Nicodemus v. Union Pac. Corp.*, 318 F.3d 1231, 1235–36 (10th Cir. 2003), *opinion reinstated in part*, 440 F.3d 1227 (10th Cir. 2006); *see also* **Doc. 1–2 at 7–11** (alleging three New Mexico CRA causes of action). That means the only avenue for jurisdiction was to argue that the "state-created cause of action . . . necessarily turn[s] on a substantial question of federal law." *Id.*

Harkening back to the limited jurisdiction discussion, courts should exercise "prudence and restraint," *Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 810 (1986), when determining if a nonfederal claim presents a substantial question of federal law. Defendants did not identify any substantial question of federal law underlying the Plaintiff's enforcement of state law. Rather, Plaintiff can establish the facts necessary for holding Defendants liable without forcing a court to interpret (let alone apply) federal statutes, regulations, or the Constitution. It bears repeating: the absence of a federal cause of action is a relevant factor to consider when assessing whether the federal issue in a state-created cause of action is substantial. *Merrell Dow Pharms., Inc.*, 478 U.S. at 812.

### B. *Grable/Gunn*[5] standard

The Court also evaluated Defendants' removal under the *Grable*/*Gunn* test (**Doc. 17 at 4–7**). "[F]ederal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2)

---

[4] Of note, Defendants Response (**Doc. 12**) to the Motion to Remand (**Doc. 7**) states: "the Plaintiff's state filed complaint [was] artfully pleaded to avoid federal jurisdiction." **Doc. 12 at 2**. This should have been a telltale sign that jurisdiction was lacking.

[5] *See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005); *Gunn v. Minton*, 568 U.S. 251 (2013).

actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn*, 568 U.S. at 258. If all four of these requirements are met, "jurisdiction is proper." *Id.* Much like *Nicodemus*, then, the *Grable*/*Gunn* standard explains that a state law cause of action *can* "arise under" federal law even if the complaint does not plead a federal cause of action. *Cf. Bd. of Cnty. Comm'rs of Boulder Cnty. v. Suncor Energy (U.S.A.) Inc.*, 25 F.4th 1238, 1267–69 (10th Cir. 2022) (discussing all three cases, but applying the tests from the Supreme Court cases).

Unsurprisingly, only a "slim category"[6] of cases can satisfy this test. *Empire HealthChoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 701 (2006). Once again, that is because federal jurisdiction is limited. (Hence the fourth prong of avoiding federal-state balancing).

Defendants argued that "the disclosure of donors to The New Mexico Project . . . necessarily implicates whether requiring disclosure violates First Amendment freedom." **Doc. 12 at 5**. But the Court explained that (**Doc. 17 at 5**) Defendants' "mere assertion of a federal interest" is not enough to confer federal jurisdiction. *See Merrell Dow Pharms., Inc.*, 478 U.S. at 813. Prior to removal, the case law was clear that this was a losing argument for Defendants.

It was also clear, prior to removal, that the federal issues presented by Defendants were not "substantial." *See Grable*, 545 U.S. at 313 (explaining a "substantial" issue is one that "indicat[es] a serious federal interest in claiming the advantages thought to be inherent in a federal forum"). The issues here are not substantial—given a state entity sued Defendants in state court for alleged violations of state law.

---

[6] *See, e.g., Devon Energy Prod. Co. L.P. v. Mosaic Potash Carlsbad, Inc.*, 693 F3d 1195, 1211 (10th Cir. 2012) (Holmes, J.) (noting the "special and small category" of state law cases that can trigger federal-question jurisdiction); *Gilmore v. Weatherford*, 694 F.3d 1160, 1171 (10th Cir. 2012) ("The 'substantial question' branch of federal question jurisdiction is exceedingly narrow—a 'special and small category' of cases." (citation omitted)); *Becker v. Ute Indian Tribe of the Uintah & Ouray Reservation*, 770 F.3d 994, 947 (10th Cir. 2014) (same); *Shaver v. Whittier Condos. HOA*, 2024 U.S. App. LEXIS 3354, at *4–5 (10th Cir. Feb. 13, 2024) (unpublished) (same).

Additionally, it was readily apparent (prior to removal) that federal question jurisdiction cannot be predicated upon a defense. *See Atl. Richfield Co. v. Christian*, 590 U.S. 1, 13 n.4 (2020); *see also Firstenberg*, 696 F.3d at 1027 (noting that "federal-question jurisdiction turns upon thrusts, not parries," and explaining that defenses do not confer jurisdiction); *but see* **Doc. 17 at 6 n.9** (discussing the "three circumstances where a defense of federal preemption" is a legitimate reason for removal). It was also clear that counterclaims and third-party claims cannot confer federal question jurisdiction.

It is on this point—regarding the clarity (or lack thereof)—of establishing jurisdiction by third-party complaint that Defendants' Motion for Reconsideration focuses (**Doc. 23 at 2–3**). Nevertheless, the Court's analysis holds (**Doc. 17 at 4 n.5**). No Tenth Circuit opinion states a third-party complaint can establish a federal question. Three United States Circuit Courts of Appeals have expressly disclaimed such an argument—and the Tenth Circuit has expressly ruled that Fed. R. Civ. P. 14(a) cannot establish jurisdiction. *See id.* **at 4 n.5** (citing cases).

\* \* \*

For these reasons, as well as those previously stated on the record and in the Court's Memorandum Opinion and Order (**Doc. 17**), Defendants did not have a reasonable basis to remove this case. The Court once again concludes Defendants improperly removed the case to federal court.

**II. Disagreement Over Award of Attorneys' Fee**

Despite defense counsel's belief that the removal was objectively reasonable, the Court concluded it was not. And because the award of attorneys' fees was contingent upon the unreasonableness of the removal, the Court felt it necessary to restate why there is no jurisdiction.

The desire to re-explain the prior ruling is also based on the nature of Defendants' Motion. On one hand, Defendants state they are only contesting the award of attorneys' fees (**Doc. 23 at 7 n.3**). Prior to that, however, the first seven pages argue:

- The Court's statement on the record regarding Rule 14(a)[7] was incorrect (*id.* **at 2**);

- The cases cited by the Court in its Memorandum Opinion and Order "are not so squarely on all fours with the facts of this case" (*id.* **at 3**); and

- Defendants believe they satisfied the *Grable* and *Gunn* tests (*id.* **at 3–4**).

From Defendants' point of view, they provided "many colorable arguments . . . to the Court directly explaining why the removal was objectively unreasonable[8] [sic] if the Court accepts the facts of this case." **Doc. 23 at 4**. They feel as though they "explicitly and clearly met the requirements for both [tests] in briefing and oral argument." ***Ibid.*** It is natural (and common) for a party—or counsel—to think they should have won.

However, Defendants go too far—and argue that determining the reasonableness or unreasonableness of removal is not a matter for the Court to decide. *See* **Doc. 23 at 4** (claiming that reasonable removal is not based upon "the Court's opinion that Defendants failed the test"). Obviously, this is not the way the world works. *See Porter Tr. v. Rural Water Sewer & Solid Waste Mgmt. Dist. No. 1*, 607 F.3d 1251, 1253 (10th Cir. 2010) (explaining that if the "district court" finds removal was objectively unreasonable, then the district court decides whether to grant an award under § 1447(c) (citations omitted)). It is the role of this Court—not the party, itself—to determine reasonableness. Now, as then (**Doc. 17 at 7**), the Court finds the removal was frivolous and unreasonable.

**III. Defendants' Other Legal Avenues**

Without going down the path of issuing an advisory opinion, it seems quite clear that "TNMP" could file a standalone lawsuit alleging civil rights violations. (Of course, anyone can file a civil rights

---

[7] During the hearing, the recitation of Rule 14(a)'s requirement for leave of Court was accurate—but Defendants' filing was timely (so leave of Court was not required). The Memorandum Opinion and Order did not rely on Defendants needing leave of Court under Rule 14(a). So, despite being correct, this argument gets Defendants nowhere.

[8] Whether a Freudian slip, or sloppy drafting, this (accidental) concession by Defendants is noteworthy.

8

case; and the Court is not commenting on the likelihood of success on the merits). In fact, Defendants cited a case standing for this very proposition in their Response (**Doc. 12 at 3 & 5**).[9]

In this Court's view, this is truly where the rubber meets the road. Defendants (as well as defense counsel) think they can bring a case against the Commission and/or State. That much may be true. But what Defendants cannot do is remove a state-level campaign finance/reporting case by bootstrapping a federal civil rights third-party complaint to it and then claim federal question jurisdiction. Defendants posit that no Tenth Circuit case says removal in this exact scenario is disallowed. But no case says this is allowed. Rather, every case points to limited federal jurisdiction. And, under that framework, the Court concluded then (and concludes now) that removal based on a defense, third-party claim, or "facial invocation of substantial questions of federal law" is improper.

As the Court previously noted (**Doc. 17 at 4–5**), *Wyo. Gun Owners v. Gray*, 83 F.4th 1224 (10th Cir. 2023) simply shows that an organization can bring a federal civil rights case against state officials. Unlike Defendants here, the nonprofit in that case filed a complaint in federal court (not a third-party complaint). Unlike Defendants here, those Plaintiffs did not remove a state lawsuit to federal court by asserting a federal question in a defense, counterclaim, or third-party claim.

At its core, the fact that "TNMP" could file a lawsuit (as Plaintiff) against the State (or Commission or other officials) has nothing to do with whether this Court has original jurisdiction over the removed Complaint at issue. Again, prior to removal, defense counsel should have asked:

---

[9] If Defendants elect to go down this road, the Court recommends TNMP consider retaining counsel with significant experience practicing in federal court. Such a lawyer (or firm) should have familiarity in litigating complex civil rights or campaign finance/reporting cases. This type of recommendation is not uncommon—as other courts have suggested similar paths to litigants. *See, e.g., Skinner v. City of Bloomfield*, No. , 2004 U.S. Dist. LEXIS 34395, at *3 (D.N.M. Feb. 19, 2004) (Johnson, J.) ("Plaintiff should seriously consider retaining a lawyer experienced in civil rights litigation."); *Blake v. R&B Corp. of Va.*, Nos. 23-cv-66, -67, -68, 69, -70, -71, & -76, 2023 U.S. Dist. LEXIS 127456, at *10 n.2 (E.D. Va. July 20, 2023) (encouraging Plaintiffs to "consider retaining counsel with significant experience litigating" in the district); *DR. Distribs., LLC v. 21 Century Smoking, Inc.*, No. 12-cv-50324, 2021 U.S. Dist. LEXIS 9040 (N.D. Ill. Jan. 19, 2021) (recommending counsel with experience).

"Could this state case have been brought in federal court?" Because the only answer was "no," removal should never have occurred.

## CONCLUSION

Motions to reconsider are disfavored[10] and should be granted sparingly.[11] This is not one of those occasions warranting relief.

Here, there was no "mistake, inadvertence, surprise, or excusable neglect," nor was there any need to correct a "manifest error of law." Instead, Defendants just don't like the Court's ruling—but that is not a basis for reconsideration under Rule 59(e) or Rule 60(b).

**IT IS THEREFORE ORDERED** that Defendants' Motion for Reconsideration (**Doc. 23**) of the Court's July 19, 2024, MOO (**Doc. 17**) is **DENIED**.

/s/
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE

---

[10] *See United States v. Cos*, 498 F.3d 1115, 1123 n.2 (10th Cir. 2007). Much like the footnote in the *Cos* case, the instant motion filed by Defendants has the tenor of "You are just so stupid that you didn't understand the issue." (citation omitted).
   Defense counsel states that the Court: (1) is rewarding the government for "criminal and unethical actions," (2) "punitively sought to aid the government in its misdeeds," (3) intends to "punish[] these citizens," (4) should "self-reflect and self-correct," (5) "erroneously concluded" Defendants did not satisfy the *Grable*/*Gunn* test, and (6) acted "illogical[ly]." **Doc. 23,** *passim*.

[11] *See Nelson v. City of Albuquerque*, 925 F.3d 1187, 1190 (10th Cir. 2019).