IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

STATE ETHICS COMMISSION,

        Plaintiff,

  v.                                                           No. 24-cv-652-WJ-LF

TNMP, INC., d/b/a "The New Mexico Project,"
and JEFF APODACA,

        Defendants / Counterclaim Plaintiffs,

and

JEFF APODACA,

        Third-Party Plaintiff,

  v.

JEREMY FARRIS; WILLIAM F. LANG;
JEFFREY L. BAKER; STUART M. BLUESTONE;
CELIA CASTILLO; TERRY MCMILLAN;
RONALD SOLIMON; and JUDY VILLANUEVA,

        Third-Party Defendants,

## MEMORANDUM OPINION AND ORDER GRANTING IN PART PLAINTIFF'S APPLICATION FOR ATTORNEYS' FEES

**THIS MATTER** comes before the Court upon Plaintiff's Application for Attorneys' Fees (**Doc. 21**) and Defendants' Response (**Doc. 23**). Having considered the pleadings and the applicable law, the Court finds the Application is well-taken and is, therefore, **GRANTED in part**.

### BACKGROUND

Because the parties are familiar with the facts, the Court does not recite them in detail. Previously, the Court found that Defendants improperly removed this case to federal court without an "objectively reasonable basis," **Doc. 17 at 7**; so, the Court awarded fees under § 1447(c). *See*

1

*State Ethics Comm'n v. TNMP, Inc.*, __ F. Supp. 3d __, 2024 U.S. Dist. LEXIS 127713 (D.N.M. 2024). Consistent with the Court's ruling,[1] Plaintiff submitted an application for "reasonable attorneys' fees and costs." **Doc. 21 at 3**. In the filing, Plaintiff requests an award of $9,161.00 (***id.* at 1**). Defendants object (**Doc. 23 at 7–8**) based on the reasonableness of the hours claimed. The Court now addresses the claimed billable hours and their related objections.

## DISCUSSION

District courts follow a two-step process when determining the reasonableness of attorneys' fees. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Jane L. v. Bangerter*, 61 F.3d 1505, 1509 (10th Cir. 1995). First, a court must determine whether an applicant is a "prevailing party" entitled to reimbursement. *Hensley*, 461 U.S. at 429. Second, a court must determine what constitutes a "reasonable" fee. *See Zinna v. Congrove*, 680 F.3d 1236, 1242 (10th Cir. 2012).

The first prong has already been decided. *See State Ethics Comm'n*, at *9–10; **Doc. 17 at 7–8**. Accordingly, this Memorandum Opinion and Order ("MOO") only focuses on if Plaintiff's requested fees are "reasonable." *Blum v. Stenson*, 465 U.S. 886, 897 (1984).

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Valdez v. Macdonald*, 66 F.4th 796, 836 (10th Cir. 2023) (quoting *Flitton v. Primary Residential Mortgage, Inc.*, 614 F.3d 1173, 1176 (10th Cir. 2010) (quoting *Hensley*, 461 U.S. at 433)). This is called the "lodestar" analysis. *Hensley*, 461 U.S. at 433; *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992).

---

[1] Although the case was remanded back to state court, the Court retains jurisdiction to determine the reasonable amount of attorneys' fees. *See Topeka Hous. Auth. v. Johnson*, 404 F.3d 1245, 1248 (10th Cir. 2005); *see also Kiker v. Cmty. Health Sys. Prof'l Servs. Corp.*, 484 F. App'x 215, 216 (10th Cir. 2012) (unpublished) (Gorsuch, J.) ("To be sure, we may review a district court's grant of fees and costs for a wrongful removal, even though we may not review its remand order.").

This calculation is simply an approximation. It does not require "mathematical precision" or "bean-counting." *In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 306 (3d Cir. 2005). Plus, the Court may adjust upward or downward from the lodestar, as necessary. *Blum*, 465 U.S. at 888.

Here, Plaintiff justifies their requested fee award through affidavits of counsel. *See* **Doc. 21-1** (Farris affidavit); **Doc. 21-2** (Boyd affidavit). Counsels' affidavits contend their billable hourly rates are "$275" (**Doc. 21-1 at 3**) and "roughly $200 to $300"[2] (**Doc. 21-2 at 3**). These hourly rates are reasonable.[3] *See* **Doc. 21-4**; *see also* **Doc. 23** (failing to object to the hourly rate). The Court's lodestar calculation will, therefore, use an hourly rate of $275.00.

Next, the Court evaluates the reasonableness of the hours. In the Farris affidavit, counsel claims 23.2 hours of work (**Doc. 21-1 at 3**). In the Boyd affidavit, counsel claims 10.3 hours (**Doc. 21-2 at 4**). Defendants object to some of these hours (**Doc. 23 at 7–8; Doc. 23-3**). The Court agrees, some reduction in billables—to the tune of 1 hour—is warranted.

First, Defendants object to the amount of time devoted to the Reply (**Doc. 23 at 7**). Specifically, the Farris affidavit indicates 7.2 hours were spent "research[ing] and draft[ing]" the Reply brief on July 15, 2024 (**Doc. 21-3 at 1**). Block-billing periods of more than six hours is uncommon. *Cf. Ramos v. Lamm*, 713 F.2d 546, 553 (10th Cir. 1983) (noting that billing "six to seven" hours per day is the "norm"). That being said, spending an entire day researching and drafting a ten-page Reply is not unreasonable.[4] In total, both Plaintiff's counsel spent between 17.4

---

[2] In the affidavit (**Doc. 21-2 at ¶ 10**), counsel states "I believe a rate of $270.00 per hour is a fair and reasonable hourly rate." Then, a few paragraphs later, counsel uses a billable rate of $275.00 (*see **id.** at ¶ 15*). The Court uses the rate of $275.00 for both of Plaintiff's counsel.

[3] *See, e.g., Knight v. Metzgar*, No.12-cv-0460, CLERK'S MINUTES, June 18, 2013 (**Doc. 46**) (awarding attorney fees at $375.00 an hour); *Martinez v. Carson*, No. 08-cv-1046, 2011 U.S. Dist. LEXIS 156700, at *10–12 (D.N.M. Aug. 11, 2011) (reducing attorney's requested hourly rate from $450.00 to $350.00); *Mackey v. Staples, Inc.* No. 09-cv-023, 2011 U.S. Dist. LEXIS 157305, at *8 (D.N.M. Mar. 4, 2011) (explaining the "upper end" of fees in New Mexico is $350.00 an hour).

[4] *See, e.g., P.N. v. Clementon Bd. of Educ.*, No. 02-cv-1351, 2007 U.S. Dist. LEXIS 29289, at *38 (D. N.J. Apr. 19, 2007) (reducing the award of billable time for preparing "an eight-page opposition brief" from 30

hours[5] to 20 hours[6] drafting the Reply. Defendants' counsel contends that 13.5 hours is a more appropriate (**Doc. 23 at 7; Doc. 23-3 at 1**) amount of time. Upon review, the Court is convinced that the billable hours are not excessive, redundant, or otherwise unnecessary. Defendants' objection is overruled.

Defendants next object to Plaintiff's calculation of "5.8 hours for two attorneys to prepare for and attend a hearing." **Doc. 23 at 7**. According to Defendants, this "time is excessive." *Id.* at **8**. Plaintiff counsels' billables show a combined 5.4 hours were spent "prepar[ing]" for the hearing (**Doc. 21-3 at 2–3**). One hour was billed for attending the hearing. *Id.* And 0.4 hours were billed for travel. *Ibid.* Defendants assert that "a total of 2 hours" is appropriate (**Doc. 23 at 8**).

Let's work backwards. If two hours were all that could be billed, as Defendants proffer, then Plaintiff's counsel would only be compensated for: (1) half an hour spent attending and arguing, (2) half an hour for travel, and (3) one total hour for preparation. Unsurprisingly, spending several hours preparing for, and attending, a hearing is reasonable.[7] The only issue the Court finds with these hours is their duplicative nature. *See Ramos*, 713 F.2d at 553–54 (explaining multiple attorneys performing the same tasks should not be compensated). For example, if three attorneys are present at a meeting or hearing when one would suffice, "compensation should be denied for the excess time." *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980). Here, two attorneys

---

hours to 10 hours); *Bonner v. Normandy Park*, No. 07-cv-962, 2009 U.S. Dist. LEXIS 12627, at *11 (W.D. Wash. Feb. 5, 2009) (explaining counsel "could have easily . . . replied to [the] motion . . . in one business day, or eight billable hours"); *Siragusa v. Arnold*, No. 12-cv-4497, 2015 U.S. Dist. LEXIS 15306, at *18 (N.D. Tex. Feb. 9, 2015) (finding "15.5 hours on a thorough and successful 13-page motion" was reasonable); *Orgler Homes, Inc. v. Chi. Reg'l Council of Carpenters*, No. 06-cv-50097, 2008 U.S. Dist. LEXIS 96113, at *10 (N.D. Ill. Nov. 24, 2008) (finding "ten hours to draft . . . the motion" and "eight hours to draft the reply" was reasonable).
[5] This figure comes from Defendants' Response (**Doc. 23 at 7**).
[6] At most, the Court calculates the hours dedicated to the Reply at this figure.
[7] *See, e.g., Ayos v. TRG Holdings G&H, LLC*, No. 23-cv-12, 2023 U.S. Dist. LEXIS 113409, at *10 (E.D. Ky. June 14, 2023) (finding 3.5 billable hours was reasonable when for preparing for a hearing); *Hill v. Amoco Oil Co.*, No. 97-cv-7501, 2001 U.S. Dist. LEXIS 13489, at *6–7 (N.D. Ill. Aug. 27, 2001) (reducing billables from 9 hours to 3 hours for "preparing for and attending" the hearing).

attended the hearing for Plaintiff—but only one argued (the other simply entered his appearance). *See* **Doc. 22 (Hrg. Tr.) at 3:9–10**. Accordingly, the one hour (**Doc. 21-3 at 3**) billed by Boyd will be reduced—whereas the remaining hours billed by Farris are proper.

The last issue raised by Defendants deals with "Plaintiff's invoice charg[ing] 2.4 hours to draft a motion for relief already awarded by the court." **Doc. 23 at 8**. This objection is meritless—because the Tenth Circuit "generally allows recovery of fees for attorneys' work in seeking attorneys' fees." *Hernandez v. George*, 793 F.2d 264, 269 (10th Cir. 1986) (citing *Ramos*, 713 F.2d at 558); *see also O Centro Espirita Beneficente Uniao Do Vegetal in U.S. v. Duke*, 343 F. Supp. 3d 1050, 1080 (D.N.M. 2018). On this point, Defendants even "acknowledge that such amounts are typically allowable." **Doc. 23 at 8**. The Court will award the fees associated with Plaintiff's application (**Doc. 21-3 at 2–3**) on this matter—overruling Defendants' objection.

\* \* \*

The legal questions posed in this action were not particularly novel or complex. Nor was the amount of time and labor required unusually great. The motion practice at the pleading stage and oral argument were, likewise, not extensive. Furthermore, the docket in this case generally indicates that Plaintiff did not litigate this case in an inefficient or artificially expensive manner. *See Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). Thus, there are no "special circumstances" warranting an upward or downward adjustment. *See Chieftain Royalty Co. v. EnerVest Energy Inst. Fund XIII-A, L.P.*, 861 F.3d 1182, 1186 (10th Cir. 2017).

All that Plaintiff's counsel ask for is to be compensated at the lodestar rate for approximately 30 hours of work over the course of three weeks. As explained above, the request is reasonable—as all but one of the billed hours were appropriate.

In sum, the Court concludes that $275.00 is a reasonable billable rate. The Court also concludes that 32.5 hours (out of the requested 33.5 hours) are reasonable. Taken together, the amount of reasonable attorneys' fees under § 1447(c) is $8,937.50.

## CONCLUSION

When an adversary "wrongfully drags [a party] into a second judicial system the loser must expect to cover" those costs. *Garbie v. DaimlerChrysler Corp.*, 211 F.3d 407, 411 (7th Cir. 2000) (Easterbrook, J.). This sentiment rings true here. Accordingly, the Court **GRANTS, in part,** Plaintiff's Application for Attorneys' Fees (**Doc. 21**) in the amount of $8,937.50.

All claims and issues in the above captioned case having been resolved, this case is hereby closed. Finally, this MOO granting in part Plaintiff's Application for Attorneys' Fees is a Final, Appealable Order.

**IT IS SO ORDERED**.

/s/
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE